UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD A. SINGER and
IRENE S. SINGER,

       Plaintiff,

                               Case No. 12-11278

v.

CHASE HOME FINANCE, LLC, and           Hon. John Corbett O'Meara
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

       Defendant.

_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants' motion to dismiss, filed April 3, 2012. Plaintiffs did not file a response. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

Plaintiffs challenge the foreclosure sale of their property. However, Plaintiffs lack standing to challenge the foreclosure sale because the redemption period has expired. See Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale). In addition, Plaintiffs have not alleged fraud or other irregularity in the conduct of the sheriff's sale. See Stein v. U.S. Bancorp, 2011 WL 740537 at *6 (E.D. Mich., Feb. 24, 2011) (Cook, J.) ("[A] court has no authority to set aside a properly conducted foreclosure in the absence of a clear showing of fraud, accident, or mistake in the foreclosure proceedings.").

For these reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED and the complaint is DISMISSED.


s/John Corbett O'Meara
United States District Judge

Date:  May 31, 2012




I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 31, 2012, using the ECF system.


s/William Barkholz
Case Manager